CASE 5—INDICTMENT—JUNE 5.

# Holden vs. Commonwealth.

APPEAL FROM LOUISVILLE CITY COURT.

The court of appeals has no appellate jurisdiction over a judgment for a fine for less than fifty dollars, rendered by the city court of Louisville in a prosecution for misdemeanor.

HARNEY,                                          For Appellant.

JOHN M. HARLAN,                                  For Appellee,

CITED—

1 *Green. Ev.*, sec. 367.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On an indictment against the appellant for an assault and battery, the jury having found him guilty and assessed his fine at thirty dollars, the court rendered a judgment therefor, which he seeks to reverse for an alleged error in admitting the testimony of a boy under ten years of age. Whether this was error depends on the proper answer to the question whether the Civil Code, peremptorily declaring every person under ten years of age incompetent as a witness in *civil* cases, applies constructively or otherwise, to criminal prosecutions, which, without any statutory change, must be governed by the common law.

But whatever may be our opinion on that question, we cannot, on this appeal, answer it judicially for want of jurisdiction.

In *Myers' Criminal Code, page* 657, *title* 9, *article* 2, *section* 342, is the following enactment: "The court of ap-

peals shall have appellate jurisdiction in prosecutions for *misdemeanors* in the following cases only: where the *judgment* is for a fine exceeding one hundred dollars or imprisonment exceeding fifty days, and where the *judgment* is for the defendant in a case where a fine exceeding one hundred dollars or confinement exceeding fifty days could have been inflicted."

This section was amended, first, by providing "that the court of appeals shall have jurisdiction over the *judgments* in *penal* actions and prosecutions where the fine is fifty dollars or over that amount;" and second, by providing that "the court of appeals shall have appellate jurisdiction in all prosecutions for *misdemeanors*, except where the only punishment is a fine of fifty dollars or not exceeding that amount, or imprisonment not exceeding thirty days, or both fine and imprisonment not exceeding the amounts above specified."

The first section applies to all misdemeanors, and makes the appellate jurisdiction for the accused depend on the amount of the *judgment* against him.

The first amendment reduces the amount of the judgment to fifty dollars in *penal* cases only; and the second amendment extends the like reduction to all prosecutions for *misdemeanors*.

The only essential difference between the last amendment and the 342d section is the amount of the judgment required to give appellate jurisdiction. And the sole purpose of that amendment was to extend the first amendment beyond cases merely penal, and to reduce to the same level the amount adjudged in any prosecution for a misdemeanor. Harmony, as well as the letter, requires this interpretation. And we know of no principle or statute entitling the accused to an appeal from a judgment for a less penalty than fifty dollars in any case of misdemeanor.

Although the 12th section of the new charter of the city of Louisville (*p.* 86) authorizes appeals from the judgments of the city court " in all cases where the fine exceeds twenty dollars," yet the provisions quoted from the Code, *subsequently enacted*, comprehensively embracing *all fines in all courts, without qualification or exception*, constructively repealed the inconsistent provision in the charter, which, being municipal, was repealable, and the power to repeal which was, moreover, expressly reserved.

And this constructive effect of the Code on appeals from all courts in penal cases is made indisputably obvious and conclusive by the 1st section of the preliminary provisions, declaring " that the provisions of this act ( *Criminal Code* ) *shall* regulate the proceedings *in all prosecutions and penal actions in all the courts of this Commonwealth*." This certainly embraces the city court of Louisville, as well as any and every other criminal court in Kentucky ; and the object evidently was to have proper harmony and unity in the law regulating appeals in all penal cases in all courts alike ; and there being no consistent reason for excepting the city court, it was not either expressly or constructively excepted, and was, therefore, necessarily included in the enactment.

Wherefore, there being no law now in force authorizing an appeal from a judgment for a fine less than fifty dollars in the city court of Louisville in a case of misdemeanor, and the judgment in this case of misdemeanor being only for a fine of thirty dollars, this court has no appellate jurisdiction over that judgment; and, consequently, this appeal is dismissed for want of jurisdiction.